**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alvin Ray HICKS, Defendant–Appellant.**

**No. 92–6447.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 3, 1993.

Decided Sept. 15, 1993.

Rehearing Denied Nov. 2, 1993.

David G. Dake, U.S. Atty., Knoxville, TN, Sarah R. Shults, Asst. U.S. Atty. (argued and briefed), Greeneville, TN, for plaintiff-appellee.

Tim S. Moore (argued and briefed), Newport, TN, for defendant-appellant.

Before: KEITH and KENNEDY, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendant-appellant, Alvin Ray Hicks, appeals the sentence he received after pleading guilty to a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon-in-possession of a firearm. For the following reasons, we reverse the judgment of the district court and remand for further proceedings.

### I.

On the night of May 2nd, 1991, defendant fired a gun at a party and shot an acquaintance, Ms. McGutha, in the head. She was hospitalized for twelve days, lost the sight of her left eye, and still has the bullet lodged in her head, which creates headaches. The government alleges that at the party, people were drunk and doing drugs and that defendant told Ms. McGutha that she should have shot her boyfriend and then proceeded to demonstrate how—while talking to her, he drew out a .22 caliber semi-automatic pistol and shot Ms. McGutha in the head.

On May 3, 1991, defendant was arrested on a state arrest warrant for the attempted murder of Ms. McGutha. At the time of his arrest, he agreed to have his girl friend, Sandy Shropshire, take the arresting officers to recover the firearm. She took the officers across the street to her mother's home and pointed out the location of the gun which was hidden under vines at the foot of a tree.

Later in the day on May 3, 1991, defendant signed a waiver of rights form and gave a statement admitting to possession of the gun. He further specified that the gun was a Jennings .22 caliber semi-automatic pistol and that it had been fired the night before by accident.

On September 17, 1991, in the criminal court of Cocke County, Tennessee, defendant pled guilty to the state charge of aggravated assault against Ms. McGutha and received a ten-year sentence.

The arresting officers also discovered cocaine on May 3, 1991, when they came to arrest defendant on the assault charge. In state court, defendant was convicted at a 1991 jury trial of cocaine distribution and possession and received a twenty-year state sentence, which was to run consecutively to his ten-year state sentence for aggravated assault [hereinafter, the cocaine conviction shall be referred to as the "1991 state cocaine conviction."] [1]

On May 27, 1992, a federal grand jury sitting for the Eastern District of Tennessee returned three indictments in which Alvin Ray Hicks was a named defendant. In Indictment CR 2–92–20, Hicks and co-defendant, Sandy Shropshire, were indicted in a multi-count indictment, involving a conspiracy and distribution of a quantity of cocaine. In Indictment CR 2–92–28, Hicks and co-defendants Billy and Debra Sinard were charged in a multi-count indictment with devising a scheme to defraud and obtain money by means of fraudulent pretenses. In Indictment CR 2–92–29, defendant was indicted in a one-count indictment for the illegal possession of a firearm on May 2nd or 3rd, 1991 in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On June 11, 1992, defendant Hicks entered a guilty plea in United States District Court pursuant to the terms of a written plea agreement. The plea agreement provided that he would plead guilty to the one-count indictment filed in case CR 2–92–29, charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for possessing a firearm on May 2nd or 3rd, 1991. It was further agreed that all counts of the indictments pending in cases CR 2–92–20 and CR

---

1. A statement in the presentence report has the state sentences running consecutively to each other, which is impossible. This statement is in error and the parties agree that defendant's state cocaine conviction runs consecutively to his state assault conviction. (See, Brief of Appellant, p. 4 and Appendix, p. 106).

2–92–28 would be dismissed at his sentencing hearing.

A presentence investigation report was completed by the United States Probation Office, to which both parties filed objections. On September 17, 1992, a sentencing hearing was held before the United States District Court. On September 30, 1992, the district court issued an order stating that he found defendant's sentencing range to be 92–115 months.

On October 21, 1992, the district court sentenced defendant to serve 115 months in prison to be followed by three years supervised release. The term was to run consecutive to the defendant's 1991 state sentence in Cocke County for possession of cocaine and concurrent with his 1991 state sentence in Cocke County for aggravated assault. He was also ordered to pay a $50 special assessment fee. On October 28, 1992, defendant filed a timely notice of appeal.

## II.

We review the application of the United States Sentencing Guidelines *de novo*. *United States v. Sanchez*, 928 F.2d 1450, 1458 (6th Cir.1991). In the present case, we find several errors in the calculation of defendant's sentencing guideline range which require a remand for resentencing. We will first determine whether the district court correctly computed defendant's offense level and criminal history category.[2] An explanation of the calculation of defendant's sentence is first necessary. Under the guideline for unlawful possession of a firearm, U.S.S.G. § 2K2.1(c)(1), it is stated that the guideline for the underlying offense should be used in calculating the base offense level for the unlawful weapons possession if the guideline for the underlying offense would result in a greater offense level than that determined for mere weapons possession. In the present case, the offense underlying the unlawful weapons possession is aggravated assault for which defendant has been convicted in state court and for which he is serving a ten-year term of imprisonment. The presentence report indicated that the cross-reference mechanism of U.S.S.G. § 2K2.1(c)(1) is triggered because the offense level for aggravated assault is greater than that for mere weapons possession. Under U.S.S.G. § 2A2.2(a), the base offense level for aggravated assault is 15, and, in the present case, with a 5–level enhancement for discharging the weapon under subsection (b)(2)(A) and a 6–level enhancement for inflicting a permanent or life-threatening injury under subsection (b)(3)(C), the presentence report calculated a total offense level of 26 (15 + 5 + 6). This calculation is clearly erroneous. U.S.S.G. § 2A2.2 specifically states that the cumulative adjustments from subsections (2) and (3) "shall not exceed 9 levels." Therefore, the 11–level enhancement given defendant was too great, and should have been reduced by 2 levels in order not to exceed the maximum of 9 levels. For this reason, on remand, defendant's offense level under § 2A2.2 needs to be recalculated.

The next issue which must be addressed on remand is the correct calculation of defendant's criminal history category. It is unclear from the district court's sentencing order how the court computed defendant's criminal history. The order states that it is appropriate to consider the amended presentence report's sentencing range of 77–96 months, which was based on a criminal history category of IV, but then states in its statement of reasons that the criminal history category was V. See Appendix pp. 53–54, 59. Thus, it is unclear what criminal history category the district court accepted—the category V advocated by the government, or category IV, which was specified in the amended presentence report.

Defendant's criminal history category was originally calculated in the presentence report to be V. In calculating the criminal history, the 1991 state conviction for cocaine possession was included in defendant's crimi-

---

**2.** Although the government challenged the computation of defendant's criminal history in its objection to the presentence report, the government did not raise this issue in its brief and the defendant challenged the sentencing range on other grounds. However, in reviewing the application of the guidelines de novo, we find it necessary to correct errors made in the presentence report before addressing the issues raised in the briefs.

nal history category in the initial presentence report. See Appendix, p. 27.

██ A probation officer, however, decided that the 1991 state cocaine conviction did not belong in defendant's criminal history. The probation officer opined that U.S.S.G. § 5G1.3 would result in a sentencing range of 77–96 months for defendant had all the offenses been federal offenses for which sentences were being imposed at the same time. Appendix, p. 33. However, this adjustment of U.S.S.G. § 5G1.3 does not apply in computing a defendant's initial criminal history category, but is used after a sentencing range has been determined in regard to the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. Therefore, this adjustment should not have been used to determine defendant's criminal history category.

The government objected to the change in the criminal history category and stated that the original calculation of a criminal history of V was correct. The government argued in its objection to the presentence report as follows:

> Apparently, the United States Probation Officer did not count Mr. Hicks' cocaine conviction as a part of Mr. Hicks' criminal history, but instead, considered the possession of cocaine to be part of his relevant conduct under U.S.S.G. § 5G1.3 and used the cocaine conviction to determine Mr. Hicks' offense level. The resulting change in Mr. Hicks' criminal history category explains the proposed range of 77–96 months. However, the United States argues that the calculations on Worksheet D of 92–115 months to be the appropriate calculation. The conduct involved with the cocaine conviction should only be considered to determine Hicks' criminal history category and not to determine his offense level. Because the possession of cocaine conviction in the state of Tennessee did not constitute "part of the same course of conduct as the instant offense" U.S.S.G. § 5G1.3(b), it then remains a part of the defendant's criminal history category and

is not calculated as a part of the determination of his offense level.

Appendix, p. 48.

Rather than resolve this dispute, the district court accepted the 77–96 month sentencing range specified in the presentence report based on a criminal history category of IV, but then departed upward to 92–115 months because he determined that the assault was "especially heinous." We believe this dispute should have been resolved.

██ We find that the 1991 state cocaine conviction was correctly computed initially as part of defendant's criminal history under U.S.S.G. § 4A1.2(a) before the presentence report was amended. Even though the cocaine happened to be found when defendant was arrested for assault on May 3, 1991, it was a separate offense and a separate state conviction and no consideration of the cocaine is relevant in regard to the present federal weapons possession offense except as part of defendant's criminal history. The record indicates that in regard to the state charges, the assault occurred on May 2, 1991 and the possession of the drugs occurred on May 3, 1991. *See* Appendix, p. 17. No evidence was ever offered that defendant used the gun found outside in the vines in relation to his drug trafficking activities. The conviction for cocaine was thus not part of the relevant conduct in regard to the federal weapons possession offense. The relevant conduct in regard to the weapons possession pertains to the assault in which the gun was used. The 1991 state conviction for cocaine is thus a "prior sentence" under § 4A1.2(a). In *United States v. Beddow,* 957 F.2d 1330, 1337–39 (6th Cir.1992), this court found that it was proper to count a state conviction of carrying a concealed weapon as a "prior sentence" under § 4A1.2(a) (the Guideline for Computing Criminal History), because the sentence for carrying a concealed weapon had been imposed "for conduct not part of the instant offense" (federal money laundering), even though the gun was found at the time of the arrest for the federal money laundering offense. Similarly, in the present case, the prior 1991 state conviction for possession of cocaine, which presumably was discovered when defendant was arrested for the assault

underlying the federal weapons possession offense, was not part of the weapons possession offense even though the drugs were found at the time of the arrest for the assault in which the gun was used. *See also, United States v. Blumberg,* 961 F.2d 787, 792 (8th Cir.1992); *United States v. Thomas,* 973 F.2d 1152, 1158 (5th Cir.1992); *United States v. Query,* 928 F.2d 383, 385 (11th Cir.1991).

For this reason, in the present case, we find, as a matter of law, that the 1991 state conviction for cocaine possession is correctly considered as part of defendant's criminal history and should have been used to move defendant into the criminal history category of V.

■ Finally, we address the district court's rationale for departing from the recommended sentencing guideline range. The district court made an upward departure because the assault was "especially heinous." On remand, the court should take into consideration whether the heinousness of the crime—shooting a person in the head—has already been taken into account under the assault guideline by giving a 5–level enhancement for discharging the firearm and a 6–level enhancement for inflicting a permanent or life-threatening injury, with a maximum 9–level enhancement. To depart upward further on the basis of heinousness may result in impermissible double counting for the same conduct. *See United States v. Romano,* 970 F.2d 164, 167 (6th Cir.1992).

To conclude, we find that defendant's sentencing guideline range needs to be recalculated on remand. In recalculating defendant's base offense level under § 2A2.2, the total enhancement under subsections (2) and (3) can only be 9 levels, not the 11–level enhancement defendant was given. In regard to defendant's criminal history category, the 1991 state cocaine conviction is a "prior sentence" under § 4A1.2(a) and, thus,

is part of defendant's criminal history, which results in a criminal history category of V.

### III.

■ We will now address the issue raised by defendant in his brief. Defendant contends that the district court erred in applying U.S.S.G. § 2K2.1, the guideline for unlawful possession of a firearm, in computing his base offense level and that under that guideline, the correct sentencing range is 15–21 months.[3]

U.S.S.G. § 2K2.1 provides for a base offense level of 12 for illegal possession of a weapon unless § 2K2.1(c) applies. Subsection (c)(1) states in relevant part:

If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply—

(A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above.

The district court determined that the firearm in the present case was possessed in the commission of an aggravated assault and, therefore, the cross-reference to § 2X1.1 applied.

Section 2X1.1(a) directs as follows:

(a) Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.

The district court determined that the substantive offense underlying the unlawful weapons possession was aggravated assault

---

**3.** Defendant indicates that he was told by defense counsel that the base offense level for unlawful weapons possession was 12, resulting in an offense level of 10 after a 2–level reduction for acceptance of responsibility. Defense counsel advised defendant that with a base offense level of 10 and assuming a criminal history category of IV, that his guideline range would be 15 to 21 months. Defendant argues that because he was

advised by defense counsel that he would receive a 15–21 month federal sentence after pleading guilty to unlawful weapons possession, he has not received the anticipated benefits of his plea agreement. However, it is well settled that a defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea. *See United States v. Stephens,* 906 F.2d 251, 254 (6th Cir.1990).

and thus referred to U.S.S.G. § 2A2.2, which states in relevant part:

*Aggravated Assault*

(a) Base Offense Level: 15

(b) Specific Offense Characteristics

 (1) If the assault involved more than minimal planning, increase by 2 levels.

 (2) (A) If a firearm was discharged, increase by 5 levels; (B) if a dangerous weapon (including a firearm) was otherwise used, increase by 4 levels; (C) if a dangerous weapon (including a firearm) was brandished or its use was threatened, increase by 3 levels.

 (3) If the victim sustained bodily injury, increase the offense level according to the seriousness of the injury:

| Degree of Bodily Injury | Increase in Level |
|---|---|
| (A) Bodily Injury | add 2 |
| (B) Serious Bodily Injury | add 4 |
| (C) Permanent or Life–Threatening Bodily Injury | add 6 |

*Provided,* however that the cumulative adjustments from (2) and (3) shall not exceed 9 levels.

The district court found that defendant used the firearm at issue to shoot a woman in the head, and, therefore, the base offense level was 15, with 5 additional points added for the firearm discharge under subsection (2), and 6 additional points added for permanent injury to the victim under subsection (3) of U.S.S.G. § 2A2.2(b). As previously noted, the district court should have reduced the 11–level enhancement under sections (2) and (3) to a maximum 9–level enhancement.

Defendant contends that the use of the assault guideline is erroneous because no mention was made in the federal indictment to the circumstances of the unlawful weapons possession and that he already has been imprisoned by the state of Tennessee for the relevant conduct (the aggravated assault) that was used to increase his punishment in the present case. Defendant also contends that the district court erred in using subsection (c) of § 2K2.1 to cross-reference guideline § 2X1.1 because the present case does not involve an "attempt, solicitation or con-spiracy" and therefore §§ 2K2.1(c)(1), 2X1.1(a), and 2A2.2 do not apply.

Defendant is misreading the way the cross-reference mechanism of § 2K2.1(c) is to operate. Case law indicates that the district court properly applied the cross-reference section of § 2K2.1(c) even though the present case does not involve an attempt, solicitation, or conspiracy. Guideline 2X1.1(a) is cross-referenced not because one is a member of a conspiracy or attempt, but because it indicates how the substantive underlying offense is to be treated.

In *United States v. Kaylor,* 992 F.2d 1218 (6th Cir.1993), this court dealt directly with this issue, stating:

 On appeal, Kaylor asserts that application of the base offense level for aggravated assault [through the cross-reference mechanism of the unlawful weapons possession guideline] was unlawful because it is based on alleged conduct for which he was neither tried nor convicted [in federal court].

 Upon review, we conclude that Kaylor's appeal lacks merit. The guideline for felon-in-possession charges, § 2K2.1, specifically provides for cross-reference where distinct offense conduct is implicated. The cross-reference requires sentencing based on the other offense conduct even though the conviction is only for the unlawful possession of a firearm. Moreover, contrary to Kaylor's argument, the cross reference may be applied even where defendant was not charged with the other offense. The other offense conduct need be established only by a preponderance of the evidence. The district court's finding in the present case, that the offense conduct of aggravated assault was established by a preponderance of the evidence, is not clearly erroneous.

(citations omitted). This court held in *Kaylor* that the cross-reference to aggravated assault had been correctly applied and affirmed Kaylor's sentence. Similarly, in the present case, the aggravated assault underlying the weapons possession has been correctly cross-referenced in determining defendant's sentence for unlawful possession of a firearm. The assault has been established by a preponderance of the evidence as defen-

dant pled guilty to the assault in state court. *United States v. Garner*, 940 F.2d 172, 174 (6th Cir.1991) (United States bears the burden of establishing the enhancement factors by a preponderance of the evidence). The United States advised the district court that defendant had previously pled guilty to the aggravated assault in the Circuit Court of Cocke County, Tennessee and that the conviction had been verified in the presentence report. In addition the United States filed a transcript of the hearing in which defendant had entered a guilty plea in state court, which provided a factual basis for the aggravated assault charge.

Another opinion that is directly on point is *United States v. Humphries*, 961 F.2d 1421 (9th Cir.1992), in which the court stated:

Section 2K2.1(c)(2) provided: "If the defendant used or possessed the firearm in connection with commission or attempted commission of another offense, apply § 2X1.1 ... in respect to that other offense, if the resulting offense level is greater than that determined above." The district court found Humphries had used the firearm in connection with an aggravated assault and accordingly applied section (c)(2). Section 2X1.1 instructed the court to apply the base offense level for the other offense—in this case, aggravated assault. The guideline for aggravated assault provided for a base offense level of 15, to which five levels were added because the gun was fired. See U.S.S.G. § 2A2.2(a) & (b)(2)(A). Subtracting two levels for acceptance of responsibility, Humphries' total offense level was 18, and the resulting sentencing range was 51–63 months.

*Id.* at 1422. The Ninth Circuit held that this was the correct sentencing range and that the cross-reference mechanism of guideline 2K2.1(c)(2)[4] had been properly applied.

For these reasons, defendant's argument in the present case that § 2K2.1(c)(1) refers only to attempts and conspiracies for cross-referencing purposes has no merit. It was correct for the district court to apply the cross-reference mechanisms of 2K2.1(c)(1) and 2X1.1(a) and compute defendant's base offense level for unlawful weapons possession under the aggravated assault guideline (U.S.S.G. § 2A2.2), because the aggravated assault was the substantive offense underlying the unlawful weapons possession.

### IV.

■ Defendant also argues that the double jeopardy clause prohibits multiple punishments for the same offense and that in the present case he is receiving multiple punishment for the aggravated assault underlying his unlawful weapons possession offense, because it was used to enhance his federal sentence, and he is already serving time for the aggravated assault in state court. Defendant points out that U.S.S.G. § 5G1.3 attempts to address this double punishment problem and that in the present case, he has not been given the protection of that guideline.

We agree. Although state and federal prosecutions for the same offense do not violate the provisions of the double jeopardy clause, *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), we need not concern ourselves with the double jeopardy issue because the case can be decided under the statute. The *United States Sentencing Guidelines* specifically address the problem created by the present case, in which the "relevant conduct," the aggravated assault, used to enhance defendant's federal weapons possession sentence, has been the subject of a state court conviction for which defendant is currently imprisoned. Guideline § 5G1.3 is entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," and should have been applied in the present case because defendant is currently serving an undischarged term of imprisonment in state court for the aggravated assault that was used to enhance the offense level of his federal unlawful weapons possession sentence. Guideline § 5G1.3(b) states in relevant part:

---

**4.** *Humphries* was decided under a previous version of the guideline. U.S.S.G. § 2K2.1(c)(2) is now § 2K2.1(c)(1).

If ... the undischarged term of imprisonment resulted from offense(s) that constituted part of the same course of conduct as the instant offense and have been fully taken into account in the determination of the offense level for the instant offense ... the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time.[5]

Because in the present case, the aggravated assault constituted the same course of conduct as the unlawful weapons possession and was fully taken into account in the determination of the base offense level for the unlawful weapons possession, according to subsection (b) quoted above, the sentence for unlawful weapons possession must be imposed to result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 had both the sentences been imposed at one time. As the commentary to U.S.S.G. § 5G1.3 indicates, subsection (b) is clearly applicable in the present case. Application Note 2 states that subsection (b) of § 5G1.3 applies as follows:

Second, it applies if the conduct resulting in the undischarged term of imprisonment was part of the same course of conduct as the instant offense and has been fully taken into account in determining the offense level for the instant offense (*e.g.*, where a defendant is prosecuted in both federal and state court for the same criminal conduct; or *where a defendant is prosecuted in federal and state court for different criminal transactions that are part of the same course of conduct,* such as two drug sales, but the conduct underlying both transactions is fully taken into account under § 1B1.3 (Relevant Conduct) in determining the offense level for the instant offense).

(emphasis added). The district court in the present case erred in not applying the dictates of § 5G1.3(b) because defendant has been tried in both federal and state court for

different criminal transactions that were part of the same course of conduct (the possession of a weapon to commit an aggravated assault), and the aggravated assault for which defendant was prosecuted in state court has been fully taken into account in determining the offense level for the federal weapons possession offense.

Moreover, on remand, in applying the dictates of § 5G1.3(b) to the present case, the district court should take note of the commentary, which states:

When a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the instant sentence (*e.g.*, if the appropriate total punishment determined under this subsection for all offenses is 30 months and the defendant has already served 10 months of the prior undischarged term of imprisonment, the court should impose a sentence of 20 months concurrent with the prior undischarged term).

U.S.S.G. § 5G1.3, Application Note 3.

In its objection to the presentence report, the government conceded that under the applicability of U.S.S.G. § 5G1.3(b), a sentence imposed on defendant Hicks which includes an enhancement based on the assault underlying the use of the weapon must run concurrently to the sentence he has already received for aggravated assault in the state of Tennessee, See Appendix, p. 47, but failed to note the adjustment required by Application Note 3.

The government argued that under subsection (c) of § 5G1.3, the federal sentence imposed should run consecutively to the state sentence imposed for the 1991 state cocaine conviction. Subsection (c) of § 5G1.3 states: "In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense."

---

**5.** This was the guideline in effect at the time of sentencing. The November 1, 1992 amendments have changed subsection (b) of current Guideline § 5G1.3.

The government is correct that subsection (c) applies to the 1991 state cocaine conviction, because the 1991 state cocaine conviction is a prior unrelated offense for which defendant is serving an undischarged term of imprisonment. *See United States v. Hunter,* 993 F.2d 127, 130 (6th Cir.1993). Defendant, at the sentencing hearing, conceded the applicability of § 5G1.3(c), but argued that the entire federal sentence may not run consecutively to the state sentence imposed for the 1991 cocaine conviction. *See* Appendix, p. 109, 110. According to Application Note Three of § 5G1.3, defendant's argument has merit. Defendant's federal sentence must be adjusted for the term of imprisonment defendant has already served in state prison as a result of the assault conviction, because the assault constituted the same course of conduct as the present federal weapons possession offense and has been fully taken into account in the determination of the base offense level for the present offense.

For this reason, the district court erred in holding that defendant's entire federal sentence was to run consecutively to his state sentence for the 1991 cocaine conviction. Moreover, in regard to § 5G1.3(c), in *United States v. Jackson,* 990 F.2d 251, 254 (6th Cir.1993), this court held that when the record contains no evidence of what factors the district court considered before imposing consecutive sentences, "the district court should provide a rationale for imposing consecutive sentences." Because the record in the present case contains no such statement, on remand, the district court should provide a rationale.

## V.

For these reasons, the district court is hereby REVERSED and the case is REMANDED for further proceedings. Although the district court was correct in applying the cross-reference mechanism of § 2K2.1, it erred in the calculation of defendant's base offense level under the assault guideline, § 2A2.2, and was unclear about the computation of defendant's criminal history category. Moreover, the court failed to apply the adjustments of U.S.S.G. § 5G1.3(b) and Application Note 3, and to provide a rationale for the imposition of the consecutive sentence under § 5G1.3(c). On remand, the correct sentencing guideline range needs to be recomputed and the adjustments provided by § 5G1.3(b) and Application Note 3 need to be made.