39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael JOHNSON, Defendant-Appellant.
 No. 93-6620.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1994.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 93-00053; Edward H. Johnstone, District Judge.
 W.D.Ky.
 AFFIRMED.
 BEFORE: KEITH and DAUGHTREY, Circuit Judges, and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant-appellant, Michael Johnson, was convicted of illegally making and possessing a firearm in violation of 26 U.S.C. Secs. 5861(d) and (f). Specifically, Johnson pleaded guilty to the illegal making and possession of a Molotov cocktail in connection with an aborted firebombing attempt at the home of Johnson's former job superior. On appeal, he challenges two rulings by the district court in its sentencing order. We find no error and affirm.
 
 
 2
 Evidence presented to the district judge established that Johnson formerly worked as a produce-order employee for the Kroger Company. In January 1993, however, Johnson was fired for poor job performance and for insubordination, but appealed that termination to an arbitration committee. In early February, shortly after perfecting that appeal, Johnson threatened Vance Blade, an executive with Kroger, by telephoning Blade's home and telling Blade's wife, "I'm going to kill you and burn down your house." On March 5, 1993, the defendant also telephoned Blade at work and stated, "I know where you live." When, on March 11, 1993, a union steward informed the defendant that a final decision terminating his employment with Kroger had been reached, Johnson threatened another Kroger executive by calling him and promising retribution "[i]f it takes me the rest of my life."
 
 
 3
 In the early morning hours of March 12, 1993, Johnson drove to the residence of Vance Blade with a Molotov cocktail constructed from an empty juice bottle, gasoline, and a portion of a sleeve torn from a dress shirt. Arriving at Blade's home, Johnson lit the fabric with two matches and threw the homemade bomb at the house. Before hitting the structure, however, the flame was extinguished, and the bottle hit the house and landed harmlessly below the bedroom window of Blade's 15-week-old baby. Johnson was arrested shortly thereafter based upon Blade's description of the defendant's 1977 four-door, grey Pontiac Bonneville, which stopped in front of the victim's home immediately before the Molotov cocktail was hurled.
 
 
 4
 Under questioning by the police, Johnson admitted the bombing and claimed that he had thrown the lit Molotov cocktail toward the house. He stated, however, that contact with the night air caused the lit wick to be extinguished almost immediately upon the Molotov cocktail leaving his hand. Later, before a psychologist and in court, Johnson altered his story and claimed that he had personally blown out the flame before throwing the bottle and that he intended only to scare Blade in retaliation for firing him.
 
 
 5
 The defendant eventually entered a guilty plea to the charge of making and possessing an unregistered firearm, which, under the provisions of 26 U.S.C. Secs. 5845(a)(8) and 5845(f), includes a Molotov cocktail. The district court then cross-referenced the possession of a firearm sentencing provisions with the provisions of the guidelines referring to commission of arson. A base offense level of 24 was calculated for Johnson before a three-level reduction was applied for the defendant's acceptance of responsibility for the crime. The district court, faced with a sentencing range of 37-46 months, ordered Johnson to serve the minimum 37 months in prison before being placed on supervised release for an additional three years.
 
 I.
 
 6
 Johnson first contends that the district court erred in cross-referencing the sentencing guidelines pertaining to arson because he was never actually convicted of that offense. In opposition, the government asserts that the defendant's sentence was properly calculated and that applicable case law specifically allows for such cross-referencing.
 
 
 7
 This Court reviews a district court's application of the sentencing guidelines de novo. United States v. Milton, 27 F.3d 203, 206 (6th Cir.1994). In this case, the district court first appropriately determined that, upon conviction for possession of an unregistered firearm, Johnson's base offense level of 18, U.S.S.G. Sec. 2K2.1(a)(5), should be increased two levels because "the offense involved a destructive device," U.S.S.G. Sec. 2K2.1(b)(3). Preliminarily, therefore, Johnson faced sentencing at level 20 of the applicable criminal history category. Before imposing sentence, however, the district judge examined the cross-reference provision of the unregistered firearm guideline which states, in pertinent part:
 
 
 8
 If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply--
 
 
 9
 (A) Sec. 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above....
 
 
 10
 U.S.S.G. Sec. 2K2.1(c)(1)(A).
 
 
 11
 The district court determined that the Molotov cocktail was possessed by Johnson in connection with commission of the crime of arson. Consequently, the court, pursuant to Sec. 2X1.1(a) and Sec. 2K1.4(a)(1), arrived at a base offense level of 24 for the "substantive offense" of arson involving a dwelling. From that base offense level, the court then deducted three levels for Johnson's acceptance of responsibility and arrived at the level 21 sentence imposed upon the defendant.
 
 
 12
 Johnson now contends, however, that the arson guidelines were improperly considered by the district court because a "substantive offense," as defined by Sec. 2X1.1, comment. (n. 2), "means the offense that the defendant was convicted of soliciting, attempting, or conspiring to commit." (Emphasis added.) Because Johnson was never convicted of, or even charged with, arson, he insists that arson could not be the appropriate "substantive offense" for sentencing purposes.
 
 
 13
 In similar situations, this court has consistently determined that Sec. 2K2.1(c)(1)'s cross reference to Sec. 2X1.1 does not require a prior conviction for the "substantive offense" that serves as the basis for determining the applicable base offense level. See, e.g., Milton, 27 F.3d at 209. (cross-reference provision allows sentencing a felon-in-possession using second degree murder guideline even though defendant was acquitted of second degree murder at state trial); United States v. Hicks, 4 F.3d 1358 (6th Cir.1993) (cross-reference provision allows sentencing a felon-in-possession using aggravated assault guideline even though defendant was not charged with nor convicted of aggravated assault in federal court); United States v. Voyles, 995 F.2d 91 (6th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 700 (1994) (cross-reference provision allows sentencing a felon-in-possession using robbery guideline even though defendant was not charged with or convicted of robbery in federal court and robbery charges had been dismissed in state proceedings). Instead, as noted by the Eighth Circuit in United States v. Smith, 997 F.2d 396, 397 (8th Cir.1993):
 
 
 14
 [The "substantive offense" conviction requirement] applies only if section 2X1.1 is applied directly, rather than as a cross-reference from section 2K2.1. The cross-reference provision contains no language requiring that the defendant be convicted of the other offense. See U.S.S.G. Sec. 2K2.1(c)(1)(A) (1991) ("If the defendant used or possessed any firearm ... in connection with the commission or attempted commission of another offense ... apply ... Sec. 2X1.1 ... in respect to that other offense").
 
 
 15
 We find no error in connection with the district court's decision to utilize cross-referencing in this case.
 
 II.
 
 16
 Johnson also argues that his intent to commit arson was not established by a preponderance of the evidence before the district court and, in the alternative, that he had not performed all acts necessary for completion of the substantive offense. He insists again, therefore, that the arson guidelines were misapplied or, at least, that his base offense level should have been decreased an additional three levels because only an attempted crime, rather than a completed offense, could be shown by the proof. U.S.S.G. Sec. 2X1.1(b)(1).
 
 
 17
 The defendant's arguments are based upon his contention that he personally and intentionally extinguished the burning wick of the Molotov cocktail before throwing the bottle at the Blade home. The district court, however, accredited other testimony indicating that the wick was extinguished only when the Molotov cocktail was actually thrown at the house and the flames came in contact with gusts of air.
 
 
 18
 In examining findings of fact made by a district court at a sentencing hearing, this court reviews the record for clear error. United States v. Wright, 12 F.3d 70, 72 (6th Cir.1993). Clear error occurs when a reviewing court is left with the definite and firm conviction that a mistake has been made. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Consequently, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574.
 
 
 19
 In this case, Johnson informed the police shortly after the throwing of the Molotov cocktail that the wick on the bomb was lit while in the defendant's hand and that the flame was only extinguished "as [he] threw it and as soon as air hit it." Furthermore, the report of the Federal Bureau of Alcohol, Tobacco, and Firearms stated that Johnson "lit the wick of the molotov cocktail, utilizing two matches from a paper book of matches, threw the molotov cocktail on the residence, and then drove away." Only later, after time for reflection, did the defendant contend that he had actually blown the flame out himself prior to hurling the destructive device at the house. Given such circumstances and information, the district court did not clearly err in choosing to accredit the earlier accounts of the bombing given to the police and to ATF agents. After accrediting such testimony, as well as accounts of Johnson's prolonged harassment of and threats to the Blade family, the district court could properly conclude by a preponderance of the evidence that the defendant intended to burn the victims' home and that Johnson should thus be sentenced pursuant to the arson provisions of the guidelines.
 
 
 20
 For the reasons given above, we conclude that Johnson's challenges to the district court's factual determinations are without merit, and we AFFIRM the district court's judgment.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation