**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary Lynn WILDER, Defendant–**
**Appellant.**

**No. 00–5695.**

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Gary Lynn Wilder, a federal prisoner proceeding through counsel, appeals the sentence imposed following his conviction on one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury indicted Wilder on the above offense as well as on five counts of violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2). On November 15, 1999, pursuant to a written plea agreement, Wilder pleaded guilty to the § 922(g) count in exchange for the dismissal of the other counts. The parties agreed that the sentencing court could impose any lawful term of imprisonment up to the statutory maximum of ten years. In the presentence investigation report (PSR), Wilder's guideline range was calculated as 21 to 27 months of imprisonment, based on a total offense level of 15 and a criminal history category of II. Wilder objected to the PSR, arguing that he was entitled to a reduction in his base offense level under USSG § 2K2.1(b)(2) because he had possessed all of his ammunition and firearms solely for lawful sporting purposes or collection. The district court conducted an evidentiary hearing on the matter, but found that Wilder was not credible. The district court thus overruled Wilder's objection and imposed a sentence of 27 months in prison, 3 years of supervised release, and a special assessment of $100.

In his timely appeal, Wilder reasserts the objection made at sentencing.

This court reviews the application of the United States Sentencing Guidelines de novo. *United States v. Hicks*, 4 F.3d 1358, 1361 (6th Cir.1993);

*United States v. Sanchez,* 928 F.2d 1450, 1458 (6th Cir.1991). A sentencing court's factual determination of whether firearms were used solely for sporting purposes or collection must be upheld unless clearly erroneous. *United States v. Morrison,* 983 F.2d 730, 732 (6th Cir.1993).

The trial court's determination that Wilder did not possess all of his firearms solely for the purposes of sport or collection is not clearly erroneous. *See* USSG § 2K2.1(b)(2). The defendant has the burden of proving, by a preponderance of the evidence, that a reduction in the offense level pursuant to § 2K2.1(b)(2) is merited. *Morrison,* 983 F.2d at 732. In determining whether § 2K2.1(b)(2) applies, a court should consider "the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.,* prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." USSG § 2K2.1(b)(2), comment. (n.10).

Wilder did not meet his burden of proof. Wilder owned a significant number of firearms of a variety of types, some of which were not suited for hunting or target practice. Among those were a Ruger .357 caliber revolver and a Smith & Wesson .38 caliber revolver. According to an Alcohol, Tobacco, and Firearms Agent (Waggoner), the Ruger was a duty police firearm which was unsuitable for target shooting because it had fixed sights, and the Smith & Wesson was likewise unsuitable for target shooting and could not be legally used for hunting. Law enforcement officials located these two revolvers behind Wilder's headboard in his bedroom during the search. Although Wilder testified that these revolvers were not loaded, Waggoner testified to the contrary. Waggoner stated that he was present when the revolvers were recovered and that they were loaded at the time. Firearms possessed for sport or collection generally are not kept loaded and secreted behind a headboard. *See United States v. Lewitzke,* 176 F.3d 1022, 1028 (7th Cir.), *cert. denied,* 528 U.S. 914, 120 S.Ct. 267, 145 L.Ed.2d 223 (1999). Furthermore, Wilder acknowledged that he had firearms in the house when he conducted illegal drug transactions there in 1997, and under state law, Wilder was not permitted to possess handguns because he was a convicted drug felon. *See* Tenn.Code Ann. § 39–17–1307(b)(1).

Accordingly, the district court's judgment is affirmed.