**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guadalupe MONTEJANO–LEON,
Defendant–Appellant.**

**No. 02–5409.**

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

### ORDER

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Mexican citizen Guadalupe Montejano–Leon was indicted for being in the United States without permission. Montejano–Leon subsequently pleaded to the indictment and was found guilty of having unlawfully re-entered the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Montejano–Leon to a thirty month term of imprisonment and a three year period of supervised release. Montejano–Leon took an appeal from this judgment.

Counsel for Montejano–Leon filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Montejano–Leon was served with this motion and a copy of the brief and was invited to respond, although he has not done so. *See Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988).

Counsel for Montejano–Leon advances one arguable issue for appellate review, in furtherance of her duty under *Anders*, while conceding its lack of merit. The issue is that the district court's application of the guidelines to the uncontested facts of this case was erroneous. This court reviews the application of the United States Sentencing Guidelines de novo. *United States v. Hicks*, 4 F.3d 1358, 1361 (6th Cir.1993); *United States v. Sanchez*, 928 F.2d 1450, 1458 (6th Cir.1991). A de novo review of the record and law supports the district court's sentencing decision and there are no other grounds apparent to disturb the judgment.

On July 30, 1998, Montejano–Leon was convicted in California state court of felony possession of cocaine for resale. The court sentenced Montejano–Leon to a 180 day term of incarceration and a three year period of probation. Montejano–Leon was deported thereafter to his native Mexico on September 22, 1998, and he never received permission to return to the United States. On August 16, 2001, agents of the United States Immigration and Naturalization Service officials interviewed Montejano–Leon in the Hamilton County, Tennessee, Jail, after Montejano–Leon had been arrested after a traffic stop by Tennessee state law enforcement officials for speeding and failure to have a valid operator's license. The federal indictment was returned against Montejano–Leon for his illegal re-entry into the United States and he was taken into custody by federal authorities.

Montejano–Leon was provided counsel and agreed to enter a guilty plea to the indictment. The district court engaged Montejano–Leon in a Criminal Rule 11 colloquy. The court ascertained Montejano–Leon's competence to enter the plea, his understanding of the charge and the constitutional protections he was waiving, and the maximum punishment to which Montejano–Leon would be exposed. The court established the factual basis for the plea, through the adoption of a separate document styled as the "Factual Basis for Plea," and accepted the plea. The court then set the matter over pending completion of a pre-sentence report.

The parties met for sentencing following the completion of the pre-sentence report. Counsel for Montejano–Leon registered

the only defense sentencing objection, namely, counsel contended that Montejano–Leon's criminal history category should be set at II rather than III. The court ultimately found the objection to be well taken and dropped Montejano–Leon to a criminal history of II. This revised category, coupled with the uncontested base offense level of seventeen, resulted in a guideline range of twenty-seven to thirty-three months. The court offered all parties a chance to speak and settled on the thirty month prison term of record. Counsel for Montejano–Leon raises one arguable issue on appeal, apparently at the behest of her client. Counsel questions whether the district court properly added twelve levels to Montejano–Leon's base offense level pursuant to USSG § 2L1.2(b)(1)(B).

It is initially noted that neither Montejano–Leon nor his counsel registered any objection in the district court to the calculation of the base offense level. The normal rule is that "[a] defendant waives the right to appeal an application of the Sentencing Guidelines when he fails to object in the trial court." *United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001). Even if the court desires to explore the merits of this claim, Montejano–Leon cannot prevail. Section 2L1.2 of the guidelines applies to an offense under 8 U.S.C. § 1362(b)(2). The version of § 2L1.2 in effect at the time of Montejano–Leon's sentencing provides for a base offense level score of 8 with the following enhancements.

(b) Specific Offense Characteristic

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by 16 levels;

(B) *a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;*

(C) a conviction for an aggravated felony, increase by 8 levels;

(D) a conviction for any other felony, increase by 4 levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

USSG § 2L1.2(b)(1) (Effective November 1, 2001) (emphasis added).

There is no dispute concerning the punishment for Montejano–Leon's prior felony conviction; it resulted in a 180 day sentence of incarceration. The district court was therefore bound by the terms of § 2L1.2(b)(1)(B) to increase Montejano–Leon's base level by twelve levels. There is no reason offered to view this decision as error and it would not otherwise appear to be so. There are no plea-related, or other, errors apparent and "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.