NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0039n.06
Filed: January 10, 2008

No. 06-6260

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| DEMARCUS ROGERS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| _____ | ) | |
| | ) | |

**Before: DAUGHTREY, GILMAN, and COOK, Circuit Judges**.

**RONALD LEE GILMAN, Circuit Judge.** Demarcus Rogers pled guilty to being a felon in possession of a firearm. He was charged with the offense after shooting Rico Coates four times during an argument between them. The district court enhanced Rogers's U.S. Sentencing Guidelines range after finding by a preponderance of the evidence that (1) Rogers's related conduct constituted an assault with intent to commit first-degree murder, (2) Coates sustained life-threatening bodily injuries, and (3) Rogers met the Guidelines' definition of an Armed Career Criminal. Rogers was sentenced to 327 months of imprisonment.

He argues on appeal that the district court violated his Sixth Amendment right to trial by jury when it found that his related conduct qualified as attempted first-degree murder. Rogers also argues that, based on this finding, the district court improperly calculated his Guidelines range and

imposed an unreasonable sentence. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In June of 2004, Rico Coates went to the residence of Thomas Scott to talk to Scott and Rogers about some tire rims that had been stolen from Coates's brother. The discussion escalated into an argument. Rogers then pulled out a semi-automatic handgun and another pistol and shot Coates multiple times. Coates was unarmed. After the first shot, Coates staggered to the front door and fell to the ground outside. Scott attempted to intervene and stop Rogers, but Rogers shot Scott in the hand. Rogers then exited the home, stood over Coates, and continued to shoot at him. Coates was shot a total of four times—in the side, stomach, and twice in the thigh. When bystanders rescued Coates by pulling him into a nearby car, Rogers continued to fire shots in the direction of Coates until the car was out of range.

Coates underwent two surgeries and had to remain in the hospital for nearly a month. When Rogers was arrested, he had in his possession the semi-automatic weapon that he had used to shoot Coates. Although Rogers admitted to shooting Coates, he claimed that he had acted in self-defense. Rogers eventually told the police where they could find the second weapon used in the shooting. In May of 2006, Rogers pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

The Presentence Report (PSR) calculated Rogers's base offense level under the Sentencing Guidelines at 24 because the offense at issue was committed after he had amassed at least two felony convictions for crimes of violence. Rogers's offense level was then raised to 33 because the PSR recommended that the cross-reference for attempted murder be applied pursuant to Guidelines § 2A2.1. The PSR noted that § 2A2.1(a) was applicable because "the object of the offense committed by [Rogers] on June 29, 2004, would have constituted first degree murder." It further

2

recommended an additional increase of four levels due to the "life-threatening" nature of Coates's injuries under Guidelines § 2A2.1(b). As a result, the PSR recommended that Rogers's maximum offense level be raised to 37, with a downward adjustment of 3 points for acceptance of responsibility, bringing his final offense level to 34. The PSR also determined that Rogers qualified as an Armed Career Criminal under Guidelines § 4B1.4.

At Rogers's sentencing hearing, the district court applied the "Cross-Reference" provision of Guidelines § 2K2.1 to determine the offense level for Rogers's 18 U.S.C. § 922(g) violation. Section 2K2.1(c)(1) states that "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense . . . , apply § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined [under 2k2.1]." Section 2X1.1(c)(1) in turn provides that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section."

Based on the evidence before it, the district court found that Rogers's firearms offense was part of a course of conduct that culminated in the willful, intentional, and premeditated attempted murder of Coates, and that a cross-reference to attempted murder as provided in Guidelines § 2A2.1 was therefore appropriate. Guidelines § 2A2.1(a) sets forth a base offense level of 33 "if the object of the offense would have constituted first degree murder," and a base offense level of 27 "otherwise." In accordance with the finding that Rogers's actions constituted attempted first-degree murder, the court adjusted Rogers's offense level to 33 and then adopted the PSR's recommendations for both a four-level enhancement due to the "life-threatening" nature of Coates's injuries and a three-level reduction for acceptance of responsibility.

After determining that Rogers had a final offense level of 34 and a criminal history category of VI, the district court calculated Rogers's Guidelines sentencing range at 262-327 months of

3

imprisonment. The court then sentenced Rogers to 327 months in prison and three years of supervised release. This timely appeal followed.

## II. ANALYSIS

### A. Rogers's Sixth Amendment claim

We review constitutional challenges to a defendant's sentence de novo. *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003). A defendant's Sixth Amendment right to have a jury determine the facts beyond a reasonable doubt, however, is limited to facts that increase a sentence beyond the statutory maximum for the offense charged. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Crowell*, 493 F.3d 744, 749 (6th Cir. 2007). In the present case, Rogers does not argue that the district court increased his sentence beyond the statutory maximum for being a felon in possession of a firearm. He instead argues that the court violated his Sixth Amendment right to a trial by jury when it found facts by a preponderance of the evidence that increased his sentence beyond the conduct to which he admitted. Although Rogers acknowledges that Sixth Circuit caselaw allows the court to make such factual findings, he asks us to reconsider that position. This panel clearly has no authority to do so. *See Salmi v. Sec'y of Health & Human Serv.*, 774 F.2d 685, 689 (6th Cir. 1985) (holding that a later Sixth Circuit panel may not overrule the decision of a prior panel unless a subsequent decision of the Supreme Court requires modification of the earlier decision or this court decides the new case en banc).

Although the Supreme Court has yet to weigh in on the constitutionality of the preponderance-of-the-evidence standard for factfinding regarding sentencing enhancements, the caselaw in this circuit is unambiguous. In *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006), for example, this court made clear that "using a preponderance of the evidence standard post-*Booker* does not violate . . . the Sixth Amendment right to trial by jury." *See also United States v. Booker*,

543 U.S. 220, 232-33 (2005) (holding that a sentencing court is authorized to make factual findings by a preponderance of the evidence in order to appropriately determine the advisory sentencing range under the Guidelines).

Moreover, this circuit recently held that there is no Sixth Amendment violation where a district court applies a cross-reference to a crime not charged in the indictment based upon the preponderance-of-the-evidence standard. *United States v. Birka*, 487 F.3d 450, 454-57, 459 (6th Cir. 2007) (applying a cross-reference for kidnaping to a charge of using a telephone to extort money in exchange for the release of a kidnaped person). Because Sixth Circuit authority is contrary to Rogers's assertion that judicial factfinding at sentencing by a preponderance of the evidence is unconstitutional, we reject his argument.

## B.     The district court's calculation of Rogers's sentence

Rogers asserts in the alternative that even if the preponderance-of-the-evidence standard is constitutional, there was inadequate evidence to support the district court's finding that he had the intent required for first-degree murder under the United States Code. He argues that in light of this error, his sentence is unreasonable because the district court miscalculated his Guidelines range.

### 1.     *Standard of review*

A determination of criminal responsibility is a mixed question of law and fact that we review de novo. *United States v. Whited*, 473 F.3d 296, 297 (6th Cir. 2006). Facts employed by the district court to find criminal responsibility, however, will not be set aside unless clearly erroneous. *United States v. Katzopoulos*, 437 F.3d 569, 574 (6th Cir. 2006). Although we review the district court's application of the Guidelines de novo, *United States v. Hicks*, 4 F.3d 1358, 1361 (6th Cir. 1993), the ultimate sentence is reviewed for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 128 S. Ct. 586, 596 (2007); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007).

The government argues that, because Rogers's attorney failed to object to the district court's factual finding that Rogers's actions constituted attempted first-degree murder, this court should apply the plain-error standard rather than the de novo standard of review. *See United States v. McCreary-Reed*, 475 F.3d 718, 721 (6th Cir. 2007) (holding that when a defendant fails to object to an error of the court, this court reviews the issue under the plain-error standard). When questioned about the nature of her objections, however, Rogers's attorney made clear that she was "alleging to the court that [the facts related to the attempted murder were] irrelevant to this sentencing proceeding" under the Sixth Amendment and that such conduct should not be used to increase Rogers's sentence. As such, Rogers's attorney effectively objected to the district court's use of the cross-reference provision of the Guidelines, and we will review that aspect of the district court's decision de novo. *See Hicks*, 4.F.3d at 1361.

### 2. *Sufficiency of the evidence for the district court's finding of attempted murder*

Application Note 1 to Guideline § 2A2.1 defines first-degree murder as "conduct that, if committed within the special maritime and territorial jurisdiction of the United States, would constitute first degree murder under 18 U.S.C. § 1111." Pursuant to § 1111(a), "[e]very murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing . . . is murder in the first degree." The question before us then, is whether the district court clearly erred in finding by a preponderance of the evidence that Rogers attempted to murder Coates with premeditation.

As discussed above, the government's proof supporting a greater Guidelines range need be shown only by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 156 (1997); *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006). Even if the district court does not make detailed findings as to supporting facts, we may look to the record to determine whether the decision

6

was clearly erroneous. *United States v. Miller*, 161 F.3d 977, 984 (6th Cir. 1998) (holding that an appellate court "may review the record before [it] to determine whether or not clear error exists"); *see also United States v. Washington*, 127 F.3d 510, 515 (6th Cir. 1997) (reviewing the trial transcript to determine the defendant's role in commission of the offense).

A review of the record in the present case demonstrates that the district court did not clearly err in finding that Rogers's actions constituted a willful and premeditated attempt to murder Coates without justification. Rogers used two firearms to shoot Coates multiple times at close range. After he shot Coates the first time, Rogers walked out of the apartment, stood over Coates, and fired three more shots into his body. When Scott attempted to intervene, Rogers shot Scott in the hand and then returned to targeting Coates. And when bystanders dragged Coates to a car to take him to the hospital, Rogers continued his violent assault by shooting at Coates, the bystanders, and the car even as it drove away. This course of conduct more than supports the finding that Rogers's actions constituted attempted first-degree murder.

Moreover, caselaw in this circuit and others demonstrates that courts have applied the cross-reference for assault with intent to commit first-degree murder under Guidelines § 2A2.1(a) to similar, and in some instances less egregious, conduct. *See United States v. McDaniel*, 165 F.3d 29, 1998 WL 661106, *2, 5 (6th Cir. 1998) (cross-referencing to § 2A2.1(a) after finding that a defendant who fired six shots at an officer's leg within 10 seconds was attempting to commit first-degree murder); *United States v. Vaught*, 133 F. App'x 229, 233-34, 2005 WL 1285644,*3-4 (6th Cir. 2005) (affirming a district court's application of § 2A2.1(a) where the a defendant was carrying a gun near his sister's apartment after making a threat to kill her, even though the defendant never fired the weapon); *United States v. Drew*, 200 F.3d 871, 879 (D.C. Cir. 2000) (applying § 2A2.1(a) where the defendant pointed a gun at the victim's head but did not fire); *United States v. Wilson*, 992 F.2d 156, 158 (8th Cir. 1993) (affirming a cross-reference pursuant to § 2A2.1(a)(1) where the

defendant fired a shotgun out of a vehicle toward a group of people and hit a bystander). The district court here did not clearly err when it found by a preponderance of the evidence that Rogers took sufficiently premeditated actions to constitute attempted first-degree murder under 18 U.S.C. § 1111.

**C.      The district court's application of the Guidelines**

In light of the district court's findings, it did not err in following Guidelines § 2A2, which led the court to adjust Rogers's base offense level to 33. Rogers raises no other challenges to his sentence. We therefore conclude that his sentence is a reasonable one.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.