[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12046
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01171-ODE

AL-RUFUS ANDERSON,

Plaintiff - Appellant,

versus

EMORY TRANSPLANT CLINIC,
DAVITA DIALYSIS,
MARK KEIFER,
Social Worker at DaVita Dialysis,
DAVITA NURSES,
Treatment Nurses,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 7, 2019)

Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Al-Rufus Anderson appeals the *sua sponte* dismissal of his *pro se* complaint for frivolity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  He argues his complaint alleged personal injury and deficient medical care by the appellees.  After review, we affirm.

We review questions regarding subject matter jurisdiction *de novo*.  *See Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997).  "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quotations omitted).  When a plaintiff brings suit in federal court, he must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction.  *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).  "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005).

Federal courts are courts of limited jurisdiction, and only possess the power authorized by Congress or the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Congress has granted federal courts jurisdiction over diversity cases and those raising a federal question.  *Taylor v. Appleton*, 30

2

F.3d 1365, 1367 (11th Cir. 1994).  Diversity jurisdiction is the power to decide cases between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Federal question jurisdiction refers to "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The district court did not abuse its discretion in dismissing Anderson's complaint as it lacked jurisdiction over his complaint.  Briefly summarized, Anderson's complaint alleged (1) that he was on a list to receive a kidney transplant through the Emory Transplant Clinic (Emory), (2) that he was removed from that list because an employee from DaVita Dialysis (DaVita) failed to deliver a fax from Emory containing information concerning his placement on the transplant list, and (3) that he saw "too many acts of mistreatment" by nurses while undergoing dialysis at DaVita.  Nevertheless, because he did not allege that his claim arose under the Constitution, laws, or treaties of the United States, and because he did not assert diversity of citizenship or the existence of any amount of money in controversy, the district court lacked subject-matter jurisdiction over his complaint and did not abuse its discretion by dismissing it.  Accordingly, we affirm.[1]

---

[1] Because Anderson does not argue on appeal the district court should have allowed him to amend his original complaint, we do not consider the issue.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (stating it is well-settled that a legal claim or

3

**AFFIRMED.**

---

argument that has not been briefed on appeal is "deemed abandoned and its merits will not be addressed").