UNITED STATES of America, Appellee,

v.

Gerald FLEMING, Appellant.

No. 92–3188.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1993.

Decided Oct. 21, 1993.

Frank R. Fabbri, III, St. Louis, MO, argued, for appellant.

Thomas Joseph Mehan, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Fleming appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.

## I. BACKGROUND

In the early morning of October 12, 1991, police officers responded to reports of a disturbance in St. Louis. A man with a gun was threatening people on a street corner. The man fled and the officers chased him. During the chase, the man fired a shot at the pursuing officer and then escaped. Shortly thereafter, witnesses identified the man as Gerald Fleming. Upon investigation, the officers determined that Fleming sometimes resided with his girlfriend and that he might return to her apartment. That afternoon, the girlfriend's neighbor contacted the police to report that Fleming had returned to the apartment. While the officers were en route to the apartment, they were informed by radio that another neighbor had reported hearing several gunshots coming from the girlfriend's apartment. Police entered the apartment without a warrant where they found Fleming and a 357–magnum with four spent shells. Fleming was arrested at the scene.

Fleming was indicted for being a felon in possession of a firearm. The first trial in this case resulted in a mistrial. After a second trial to a jury, he was convicted. The district court sentenced him to 87 months for the offense.[1]

## II. DISCUSSION

Fleming first challenges the legal sufficiency of the indictment. He contends that the district court erred in denying his motion for a bill of particulars.[2] According to Fleming, he was unable to frame a defense to the charge because he could not determine whether the possession charge was for the morning or the afternoon incident.

An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Young,* 618 F.2d 1281, 1286 (8th Cir.), *cert. denied,* 449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *Id.* To establish reversible error from the denial of a motion for a bill of particulars, a defendant must show that he was actually surprised at trial and suffered prejudice from the denial. *United States v. Stephenson,* 924 F.2d 753, 762 (8th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991).

Fleming's protest is specious. The superseding indictment charged Fleming with possession of a firearm on October 12, 1991. Evidence relating to both the morning incident and the afternoon incident was adduced at the evidentiary hearing on the motion and at the first and second trials. It is clear from the record that the parties knew the trial court regarded both incidents as "one possession through a series of continuous acts." Transcript of Sentencing Hearing at 3–118 (September 4, 1992). At the hearing on Fleming's motion, police officers testified about the morning incident. Fleming's counsel then conceded "[n]ow, at least, we know that they are alleging that it's the same weapon earlier in the morning as it is in the afternoon. ... [E]ven if the Government won't respond specifically to the bill of particulars, at least we know what evidence they're going to be submitting." Transcript of Arraignment and Evidentiary Hearing at 166 (January 9, 1992). Whether the prosecution focused on events which occurred in the morning or the afternoon of October 12, 1991, or both, is of no consequence. We have

---

1. Fleming was also charged in state court and entered a plea of guilty to a charge of assault of a law enforcement officer—second degree.

2. Fleming did not file any motion to dismiss the indictment, his only challenge to the indictment in district court was a motion for a bill of particulars.

reviewed the indictment at issue and find it legally sufficient.

■ Fleming also asserts that the district court erred in overruling his motion to suppress. We have reviewed the transcript of the evidentiary hearing on that motion and find overwhelming evidence to support the Magistrate Judge's finding that there were exigent circumstances to justify the warrantless search.[3] *See United States v. Fleming,* No. 91–224CR(5), Memorandum, Order and Recommendation of United States Magistrate Judge at 11–12, 1992 WL 546728 (E.D.Mo. March 26, 1992). The district court adopted those findings and recommendations. *United States v. Fleming,* No. 91–224CR(5), Order (E.D.Mo. April 8, 1992). We agree with the district court's rationale and affirm for the reasons set forth in its well-reasoned opinion. *See* 8th Cir.R. 47B.

Fleming next challenges the district court's application of the United States Sentencing Guidelines ("Guidelines"). He first asserts that the district court misapplied U.S.S.G. § 2K2.1., which sets the base offense levels for firearms offenses and includes provisions for cross-referencing to other provisions. Fleming bases his vague challenge to the application of section 2K2.1 on assertions that the district court applied the wrong burden of proof. Though his argument is not explicit, we assume that Fleming is making a constitutional challenge to use of the cross-reference provisions. The thrust of his argument seems to be the fundamental unfairness of considering uncharged conduct in sentencing under the Guidelines.

■ Whatever the intuitive appeal of his position, the issue is not "simmer[ing] in confusion" as he contends. A district court's consideration of uncharged conduct in sentencing does not violate a defendant's constitutional rights if the government proves such conduct by a preponderance of the evidence. *United States v. Galloway,* 976 F.2d 414, 422–25 (8th Cir.1992) (en banc) (because defendant's uncharged crimes are treated as sentencing factors, rights to indictment, jury trial, and proof beyond a reasonable doubt do not come into play), *cert. denied,* —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993). Although the specific issue in *Galloway* was whether the relevant-conduct guideline (U.S.S.G. § 1B1.3) was constitutional, the same analysis applies to the constitutionality of the cross-referencing provision. *United States v. Smith,* 997 F.2d 396, 400 (8th Cir. 1993). The relevant conduct guideline and the cross-referencing provision similarly allow a district court to consider uncharged conduct in determining a defendant's offense level. *Id.; see also United States v. Humphries,* 961 F.2d 1421, 1422–23 (9th Cir.1992) (per curiam) (upholding as constitutional district court's cross-reference to sections 2X1.1 and 2A2.2, even though defendant had been charged only with being a felon in possession of a firearm). Here, we find the government proved the aggravated assault by at least a preponderance of the evidence and the district court therefore properly applied the cross-referencing provision.

■ Fleming also challenges the district court's calculation of his sentence. At the sentencing hearing, the district court found that Fleming had assaulted a police officer and fired a shot. The district court concluded that a cross-reference to aggravated assault was proper. The district court adopted the recommendations of the Presentence Report (PSR) and sentenced Fleming at the upper end of the guideline range.[4] The dis-

---

**3.** The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri.

**4.** In this case, the PSR indicated that Fleming had used the firearm in the morning assault on the police officer. The base offense level for being a felon in possession of a firearm is ordinarily 12. Applying the cross-reference provisions of the Guidelines applicable to a felon in possession of a firearm, *see* U.S.S.G. § 2K2.1, the PSR recommended adding 3 points to the base offense level for using the firearm in the commission or attempted commission of another crime. Fleming's base offense level was therefore 15. To this, the PSR recommended adding 5 points under U.S.S.G. § 2A2.2(b)(2)(A) as a specific offense characteristic since a firearm was discharged. The PSR also recommended a victim-related adjustment of 3 points under U.S.S.G. § 3A1.2(a)(b) since the victim was a law enforcement officer and the defendant created a substantial risk of serious bodily injury. Fleming's recommended total offense level was 23, which,

trict court based its findings on the testimony adduced at trial. We find ample evidence to support the district court's finding and find no error in its application of the Guidelines.

■ Fleming last contends that the district court erred in making a victim-related adjustment. Section 3A1.2(b) of the Guidelines provides a three-level increase if "during the course of the offense or immediate flight therefrom, the defendant ... knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury." Fleming contends, without authority, that being a felon in possession of a firearm has no official victim since the "victim" is society in general. The district court found that "during the course of this offense, the defendant, in fact, was quite aware that the person that he was involved with when he had possession of the gun was a law enforcement officer; and that, in fact, he did assault such law enforcement officer in a manner that created a substantial risk of serious bodily injury." Transcript of Sentencing Hearing at 3–139–40 (Sept. 4, 1992). This finding is amply supported by the evidence. A three-level increase is appropriate in a prosecution for being a felon in possession of a firearm when an assault on a police officer is involved. *See United States v. Hooker*, 997 F.2d 67 (5th Cir.1993).

## III. CONCLUSION

For the reasons stated above, the judgment of the district is affirmed.

HEANEY, Senior Circuit Judge, concurring.

This case is but another in a growing list of cases in which the government charges an offender as a felon in possession with the knowledge that if the offender is convicted or pleads guilty to that charge, the sentencing will turn on some state law offense that the government will attempt to prove through hearsay at the sentencing hearing. Although

I am compelled by this court's "relevant conduct" precedents to concur, I remain firmly convinced that the use of so-called relevant conduct in this context violates Fleming's right to due process of law.

I first addressed this issue in *United States v. Wilson*, 992 F.2d 156, 159 (8th Cir.1993) (Heaney, J., concurring). Wilson pleaded guilty to the felon in possession charge, only to be sentenced for attempted murder. My dispute in *Wilson* was "not over whether a preponderance of the evidence supported a finding of attempted first-degree murder, but whether we, or any federal court, should be *making any finding* in this regard" because the attempted murder alleged in that case "is not a federal offense." *Id.* A federal "prosecutor could not even have charged Wilson with the alleged attempted murder," and therefore the proper place for that charge was "in state court, where Wilson would have the right to a jury trial, to confront witnesses, and to have the necessary findings made beyond a reasonable doubt." *Id.*

Fleming's case differs slightly in that he was charged and pleaded guilty to second-degree assault of a law enforcement officer in state court. *See supra* at 1265 n. 1. Presumably Fleming has been or will be sentenced in state court for this offense. Rather than simply rely on the state to see that he is punished, the sentencing guidelines, through their cross-reference provisions and related enhancements, double Fleming's offense level based on this uncharged (and, before our court, unchargeable) conduct. *See supra* at 1266 n. 4 (offense level moves from 12 to 23). Fleming's sentencing range tripled, moving from 21–27 months to 70–87 months.

This sentencing regime turns federalism on its head, but more importantly, it violates the offender's right to due process of law. Attorney General Reno told the Judicial Conference last month that the federal prisons are filling faster than we can possibly build new prisons, and that the Bureau of Prisons

when coupled with Fleming's criminal history category of IV, resulted in a guideline range of

70 to 87 months.

faces "gridlock" within three years. The guidelines (and the drug laws) could be modified in a variety of ways to deal with this problem. One obvious way would be to eliminate or severely restrict the use of these cross-reference provisions. It makes little sense, after all, that when our prisons are rapidly filling to the brink, we triple an offender's sentence in order to ensure that he be punished for conduct that does not violate federal law.