**UNITED STATES of America, Appellee,**

v.

**Dennis HOFFMAN, also known as Lawrence Hoffman, Appellant.**

**No. 93–2521.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 27, 1993.

Decided Nov. 8, 1993.

---

**50**

fense involved the conscious or reckless risk of serious bodily injury." According to Hoffman, he arranged only slow-speed automobile accidents, and thus, there was no risk of serious bodily injury. We disagree. The Guidelines define serious bodily injury as "injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, comment. (n. 1(j)). Because a risk of this kind of injury is inherent in the automobile accidents Hoffman arranged, the district court properly applied § 2F1.1(b)(4). Contrary to Hoffman's view, the Government does not have to show that Hoffman intended serious bodily injury, only that Hoffman intended to cause the accidents. *See United States v. Guadagno,* 970 F.2d 214, 222 (7th Cir.1992) (proving reckless endangerment under U.S.S.G. § 2K1.4 requires showing that defendant intended to cause dangerous fire, not consciously harm others).

We also reject Hoffman's contention that the victims of the fraud, in this case the insurance companies, must face the risk of serious bodily injury for § 2F1.1(b)(4) to apply. Unlike other guidelines sections that apply only if the offense involves injury to a victim of the offense, *see, e.g., United States v. Passmore,* 984 F.2d 933, 936–37 (8th Cir. 1993) (holding U.S.S.G. § 5K2.3 applies only to direct victim of crime), § 2F1.1(b)(4) does not specify any particular person who must face the risk of injury. Even if § 2F1.1(b)(4) did limit its application to offenses that involve the risk of injury to a victim of the offense, we believe the section would still apply in this case because the drivers of the other automobiles can be considered victims. *See United States v. Muhammad,* 948 F.2d 1449, 1455–56 (6th Cir.1991) (construing robbery "victim" under U.S.S.G. § 2B3.1(b)(3) broadly to include employees, bystanders, customers, or police officers), *cert. denied,* ⸺ U.S. ⸺, 112 S.Ct. 1239, 117 L.Ed.2d 472 (1992); *United States v. Fleming,* 8 F.3d 1264, 1267 (8th Cir.1993) (construing "victim" of felon in possession of a firearm to include police officer assaulted by

Carter C. Law of St. Louis, MO, for appellant.

Raymond W. Gruender, St. Louis, MO (Stephen B. Higgins and Raymond W. Gruender on the brief), for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

■ Dennis Hoffman pleaded guilty to two counts of mail fraud. *See* 18 U.S.C. §§ 1341, 1342 (1988). Hoffman planned and participated in a scheme to defraud automobile insurance companies. Hoffman would drive in front of unsuspecting motorists who were traveling at slow speeds and slam on his brakes to cause collisions. Hoffman and his passengers would then feign injuries and submit fraudulent medical bills and wage-loss statements to insurance companies. The district court sentenced Hoffman to two concurrent fifty-month terms of imprisonment. Hoffman appeals his sentence, and we affirm.

Hoffman contends that the district court improperly increased his base offense level under U.S.S.G. § 2F1.1(b)(4) (Nov. 1992), which provides for an increase "[i]f the of-

defendant for purposes of U.S.S.G. § 3A1.2(b)).

Finally, Hoffman contends the district court committed error in increasing his base offense level for his role as "an organizer or leader of a criminal activity involving five or more participants." U.S.S.G. § 3B1.1(a). Hoffman does not challenge the district court's finding that his criminal activity involved five or more persons, but instead, contends there is not sufficient evidence to show he was the organizer or leader. In a sworn statement, however, Hoffman described himself as the ringleader and Hoffman stipulated that he planned the scheme. Thus, we conclude the district court's § 3B1.1(a) increase was not clearly erroneous. *See United States v. Jagim,* 978 F.2d 1032, 1042 (8th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993).

Accordingly, we affirm the district court.