26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Anthony WILLIAMS, Appellant.
 No. 94-1046.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 13, 1994.
Filed: June 2, 1994.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Anthony Williams was convicted of kidnapping in violation of 18 U.S.C. Sec. 1201(a)(1) and was sentenced to life imprisonment. He appeals both his conviction and his sentence. We affirm.
 
 
 2
 Williams contends on appeal that the trial court abused its discretion in denying a motion in limine to exclude evidence that the victim, who was seized in St. Louis, Missouri, on May 29, 1991, was found murdered in East St. Louis, Illinois, on June 10, 1991. He argues that it was not necessary to prove that the victim had been killed in order to prove the essential elements of the crime of kidnapping; thus, the admission of the murder evidence was violative of Rules 404(b) and 403 of the Federal Rules of Evidence.
 
 
 3
 The government argues that even though the evidence was evidence of another crime, the evidence was so closely connected with the kidnapping that it was an integral part of the immediate context of the crime charged, and was thus admissible. United States v. Klein, 13 F.3d 1182, 1184 (8th Cir. 1994); United States v. Bass, 794 F.2d 1305, 1312-13 (8th Cir.), cert. denied, 479 U.S. 869 (1986). What began as a burglary turned into a kidnapping and then became a homicide to prevent the victim from identifying the defendant and his accomplice. Under these circumstances we cannot say that the district court abused its discretion in admitting this evidence. United States v. Petary, 857 F.2d 458, 462 (8th Cir. 1988).
 
 
 4
 Williams' second contention is that the sentencing court erred in considering the murder in determining the appropriate guideline sentence. We disagree. The court first calculated Williams' offense level under the kidnapping guideline, U.S.S.G. Sec. 2A4.1, which carries a base offense level of 24, before then determining by a preponderance of the evidence that murder had been connected as an integral act of the kidnapping. Having made this finding, the court was then obliged to apply U.S.S.G. Sec. 2A4.1(b)(7)(B), which provides that if a victim is kidnapped in connection with another crime that carries a greater base offense level (murder), the offense level from that other crime should be used (in this case 43). It did not err in so doing. United States v. Jackson, 978 F.2d 903, 913-14 (5th Cir. 1992), cert. denied, 113 S. Ct. 2429 (1993). But see United States v. Fleming, 8 F.3d 1264, 1267-68 (8th Cir. 1993) (Heaney, J., concurring) (objecting to sentences based on state-law crimes not chargeable in federal court but acknowledging their propriety under this court's guidelines precedents); United States v. Wilson, 992 F.2d 156, 159 (8th Cir.) (Heaney, J., concurring) (same), cert. denied, 114 S. Ct. 242 (1993).