# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1984

_____

United States of America,                  *
                                           *
            Appellee,                      *
                                           *   Appeal From the United States
      v.                                   *   District Court for the
                                           *   District of South Dakota.
Erik Brings White,                         *
                                           *
            Appellant.                     *

_____

Submitted:  December 16, 2003

Filed:  January 13, 2004

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and FAGG, Circuit Judges.

_____

HEANEY, Circuit Judge.

Following his guilty plea, Erik Brings White was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court[1] sentenced Brings White to 71 months in prison and three years of supervised release. He appeals his sentence, arguing that the district court erred in applying the cross-

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

reference provisions of the United States Sentencing Guidelines, and in failing to grant his motion for a downward departure. We affirm.

Brings White's conviction arose from a confrontation he had with George Janis. On September 24, 2001, Janis and his brother approached Brings White and his companion. According to Brings White, Janis made threatening comments and displayed a knife, but nothing further came of this skirmish. Later that evening, Brings White approached Janis at a bar purportedly to make peace, but Janis was not interested and another altercation ensued. The two exchanged words, but did not physically fight. Brings White then left the bar. A short time later, Brings White returned to the bar, wearing dark clothing and a ski mask, and carrying a gun. He tried to find Janis in the bar, but was informed that Janis had already left the establishment.

Brings White then went with others to another bar in search of Janis. When his group arrived, Brings White sent a friend inside to see if Janis was there while he remained in the vehicle. When informed that Brings White was outside, Janis exited the bar, and approached Brings White. Again, words were exchanged. As the situation escalated, Brings White pointed his rifle at Janis and shot him in the lower back.

Brings White was tried for attempted murder[2] in South Dakota state court. He was held in jail for ten months during the trial, which resulted in an acquittal. A federal indictment followed, and Brings White pled guilty to one count of being a felon in possession of a firearm. At sentencing, the district court relied on portions of the transcript from Brings White's state court trial, and found that Brings White had possessed the gun in connection with the commission of an aggravated assault

---

[2]Brings White was not charged with any state law violations, such as simple assault, see SDCL § 22-18-1, or aggravated assault, see SDCL §22-18-1.1.

on Janis. Applying the cross-reference provisions of the relevant firearms guideline, the court used the offense level for aggravated assault.[3] Brings White then moved for a downward departure to account for the ten months he already spent in jail on his attempted murder charges. The district court denied the motion and sentenced him to 71 months in prison. He appeals the district court's application of the cross-reference for aggravated assault and the denial of his motion for a downward departure.

## ANALYSIS

Brings White first argues the district court erred in determining his offense level for the firearms conviction. Guideline § 2K2.1 fixes the base offense level at for possession of a firearm by a prohibited person such as Brings White. USSG § 2K2.1(a)(6). If the defendant used or possessed the firearm in connection with the commission or attempted commission of another offense, however, the court is to apply the offense level from the other offense if greater than the firearms base offense level. USSG §§ 2K2.1(c)(1)(A); 2X1.1. The district court found that Brings White used the firearm in connection with the offense of aggravated assault, and thus applied § 2A2.2, the guideline for aggravated assault, instead of the firearms violation guideline, § 2K2.1. Application of the aggravated assault guideline elevated Brings White's offense level from 14 to 26, prior to a reduction for acceptance of responsibility.

Brings White does not contend that his acquittal in state court for attempted murder precludes use of a cross-reference. In fact, he concedes that acquitted and uncharged conduct can be considered so long as it is proven by a preponderance of

---

[3]The government sought to have the district court apply the offense level for assault with intent to commit murder and attempted murder, while Brings White requested to be sentenced for the firearms violation without any cross-reference.

the evidence.  Accord <u>United States v. Madrid</u>, 224 F.3d 757, 762 (8th Cir. 2000) (finding the district court's consideration of acquitted conduct appropriate at sentencing where such conduct was proven by preponderance of the evidence); <u>United States v. Humphries</u>, 961 F.2d 1421, 1422 (9th Cir. 1992) (approving the district court's consideration of uncharged conduct for purposes of firearm cross-reference guideline provision).[4]  He rather argues that the facts showed that he did not commit an aggravated assault on Janis because he used the gun in self-defense.

We review the district court's factual findings regarding Brings White's intended use of the gun for clear error.  <u>United States v. Jones</u>, 327 F.3d 654, 656 (8th Cir. 2003).  The government relied on portions of the transcript from Brings White's state court trial to establish that he did not shoot in self-defense.  Our review of the transcript convinces us that the district court did not clearly err in applying the aggravated assault cross-reference.  Guideline commentary defines aggravated assault as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (<u>i.e.</u>, not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony."  USSG § 2A2.2, comment. (n.1).  Brings White had a heated argument with Janis, left the bar, and then returned carrying a gun and wearing a ski mask.  He tried to find Janis, and when unsuccessful, sought him out at another bar.  When Janis came outside the bar, Brings White aimed his gun at Janis and eventually shot him.  These facts establish that Brings White's conduct fell

---

[4]The author of this opinion remains troubled by the government's use of felon-in-possession convictions to enhance a defendant's sentence for other uncharged or acquitted crimes.  <u>See</u> <u>United States v. Wilson</u>, 992 F.2d 156, 159 (8th Cir. 1993) (Heaney, J., concurring); <u>United States v. Fleming</u>, 8 F.3d 1264, 1267 (8th Cir. 1993) (Heaney, J., concurring).  As stated time and again, I continue to have serious due process concerns with enhancing a defendant's sentence based on uncharged or acquitted conduct and using a preponderance-of-the-evidence standard.  <u>Id.</u>  My concern would be enhanced in this case if Brings White had been acquitted of assault in state court, but he was only charged with attempted murder.  At any rate, I recognize that my position is at odds with our circuit precedent on the matter.

within at least one of the commentary's definitions of aggravated assault. We thus affirm the district court's application of the aggravated assault cross-reference.

Brings White next argues that the district court erred in not granting him a downward departure. When a district court recognizes its authority to depart, but refuses to do so, the decision is an exercise in discretion that is not reviewable on appeal. United States v. Correa, 167 F.3d 414, 417 (8th Cir. 1999). Conversely, when a district court fails to recognize its authority to depart, the proper remedy is to remand the matter for resentencing, directing the judge to consider whether a departure is warranted. United States v. Brown, 903 F.2d 540, 545 (8th Cir. 1990).

Here, Brings White requested downward departures on two grounds: victim conduct, pursuant to guideline § 5K2.10, and time already served, pursuant to § 5G1.3. The district court denied both requests. Brings White now asks us to remand, claiming the district court did not recognize its authority under § 5G1.3. For authority, he directs us to application note 7 to guideline § 5G1.3, which states that "[i]n the case of a discharged term of imprisonment, a downward departure is not prohibited if subsection (b) would have applied to that term of imprisonment had the term been undischarged." The aforementioned subsection (b) mandates that terms of imprisonment for essentially the same conduct shall run concurrently. USSG § 5G1.3(b). Thus, the application note permits a departure to account for time already served where the current and prior offenses involve the same conduct.

Brings White argues that the district court did not recognize its authority to depart pursuant to this application note.[5] Our review of the sentencing transcript

---

[5]The government did not object to this departure request at sentencing. Nor does the government now argue that the district court lacked authority to depart on this basis, and we believe rightly so. Guideline § 5G1.3 assures that defendants who are already serving a term of imprisonment are not doubly punished for the same conduct, and application note 7 permits the district court to treat defendants who have

leads us to the same conclusion. The court stated that it recognized its authority to depart under the victim conduct guideline and was declining to exercise its discretion. The transcript reveals no similarly explicit statement that the district court recognized its authority to depart pursuant to guideline § 5G1.3. On the contrary, the statements made by the district court indicate it believed that the determination of whether to credit Brings White for time already served rested with the Bureau of Prisons. For instance, the court recommended to the Bureau of Prisons that Brings White receive no credit for the time he was in custody on the state charge, but stated that it "recognizes that this is only a recommendation, and it leaves to the Bureau of Prisons the final decision on this matter." (Sent. Tr. at 62.) The Guidelines allow for downward departures under circumstances such as Brings White's, and in the absence of any statement from the district court acknowledging as much, we are left with no alternative but to remand for consideration of whether a departure is appropriate.

## CONCLUSION

We affirm the district court's application of the Sentencing Guidelines. We remand, however, for a determination by the district court of whether Brings White should be granted a downward departure to account for time served during the pendency of his state court proceedings.

---

already finished serving a term of imprisonment in a similar fashion. Although Brings White was ultimately acquitted in state court, he was nonetheless incarcerated for nearly a year during the pendency of his proceedings based on the same underlying conduct which resulted in his federal charges. Thus, while Brings White's circumstance does not fall directly under the contemplated grounds for departure under application note 7 to guideline § 5G1.3, it differentiates his case enough from the heartland of cases to permit one. See USSG § 5K2.0, p.s.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.

Application note 7 to U.S.S.G. § 5G1.3 does not authorize a departure in the circumstances of this case because Mr. Brings White was never sentenced to a "term of imprisonment": He was a pre-trial detainee. I nevertheless concur in the result reached here because Mr. Brings White's circumstances are sufficiently unusual to remove his case from the heartland of cases to allow for a departure. I therefore concur in the result.

————————————————