# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1222

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Christopher T. Brown, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 15, 2007
Filed: October 26, 2007

_____

Before BYE, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Christopher Brown pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) and was sentenced to ninety-seven months of imprisonment. In calculating the advisory guideline range, the district court[1] applied both a four-level enhancement under U.S. Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(5) (2005) after finding Brown possessed the firearm in connection with another felony offense, and a six-level enhancement under U.S.S.G. § 3A1.2(c)(1) (2005) after finding Brown created a substantial risk of serious bodily

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

injury by firing his weapon at a law enforcement officer. Both enhancements were based on the same conduct, Brown's act of firing his weapon at Officer Holsworth while fleeing on foot.

On appeal, Brown contends the district court erred in finding he fired his weapon at the officer, claiming the gun accidentally discharged after he tried to throw it in a dumpster where it hit the top of the dumpster and fell to an asphalt surface. Brown also contends the district court engaged in impermissible double-counting when it applied both enhancements based on the single act of firing the weapon while fleeing the officer.

Reviewing the district court's findings of fact for clear error, United States v. Finck, 407 F.3d 908, 913 (8th Cir. 2005), we see no basis for reversal. The government presented sufficient evidence through the testimony of Officer Holsworth and the cross-examination of Brown's firearm expert, Richard Post, for the district court to reject Brown's claim of accidental discharge and to find he fired the weapon at the officer. In addition, Brown's double-counting contention is foreclosed by United States v. Fleming, 8 F.3d 1264, 1266-67 (8th Cir. 1993) (approving the use of enhancements under both § 2K2.1 and § 3A1.2 based upon a fleeing defendant's act of shooting at an officer while possessing a firearm).

Accordingly, we affirm.

_____