Patrick J. Schiltz, United States District Judge
Defendants are charged with various offenses arising out of an alleged scheme in which they contracted to transport and properly dispose of materials containing toxic chemicals, but instead fraudulently diverted and sold the materials as scrap metal. In addition to conspiracy and fraud charges, defendants are charged in Counts 17-22 with falsifying documents in violation of 18 U.S.C. § 1519. Specifically, the indictment charges them with falsely certifying that the hazardous materials had been received at their facility when in fact the materials had been diverted and sold.
This matter is before the Court on defendants' objection to Magistrate Judge David T. Schultz's May 11, 2018 Report and Recommendation ("R & R"). Judge Schultz recommends denying defendants' motion to dismiss Counts 17-22. Having reviewed the matter de novo, see 28 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(3), the Court agrees with Judge Schultz's analysis, adopts the R & R, and denies defendants' motion to dismiss.
Section 1519 provides as follows:
*831 Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.
In United States v. Yielding , the Eighth Circuit held that § 1519 does not require the government to prove that the defendant knew that his actions were likely to affect an investigation or other federal proceeding. United States v. Yielding , 657 F.3d 688, 712 (8th Cir. 2011). Instead, it is sufficient for the government to prove that the defendant acted in contemplation of and with the intent to impede, obstruct, or influence such a proceeding. Id. This is true even if the proceeding is neither pending nor especially likely to occur. See id. at 712 ("[W]e do not think the statute allows an accused with the requisite intent to avoid liability if he ... shredded a document for the purpose of eliminating a small but appreciable risk that the document would lead investigators to discover his wrongdoing."); see also Yates v. United States , --- U.S. ----, 135 S.Ct. 1074, 1087, 191 L.Ed.2d 64 (2015) (plurality opinion) (noting that § 1519"covers conduct intended to impede any federal investigation or proceeding, including one not even on the verge of commencement").
In so holding, the Eighth Circuit distinguished United States v. Aguilar , 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995), and Arthur Andersen LLP v. United States , 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005). Aguilar construed 18 U.S.C. § 1503 -which criminalizes (among other things) corruptly obstructing "the due administration of justice"-to require the government to prove knowledge that the defendant's acts were likely to affect a particular proceeding. Aguilar , 515 U.S. at 599-600. Relying on Aguilar, Arthur Andersen read a similar requirement into 18 U.S.C. § 1512(b)(2), which criminalizes (among other things) corruptly persuading another to withhold or destroy documents to prevent their use in an official proceeding. Arthur Andersen , 544 U.S. at 707-08, 125 S.Ct. 2129.
Defendants contend that Yielding is no longer good law in light of the Supreme Court's recent decision in Marinello v. United States , --- U.S. ----, 138 S.Ct. 1101, 200 L.Ed.2d 356 (2018). Marinello held that 26 U.S.C. § 7212(a), which makes it a felony to "in any ... way corruptly ... obstruct[ ] or impede[ ] ... the due administration of" the Internal Revenue Code, requires proof of a "nexus" between the defendant's conduct and a particular proceeding that is either pending or reasonably foreseeable. Id. at 1109-10 ; see also id. at 1110 ("It is not enough for the Government to claim that the defendant knew the IRS may catch on to his unlawful scheme eventually. To use a maritime analogy, the proceeding must at least be in the offing.").
As Judge Schultz observed, however, Marinello relied on Aguilar and Arthur Andersen , which the Eighth Circuit explicitly distinguished in Yielding .[1]
*832 Yielding , 657 F.3d at 712-13 ("The language of § 1519 is materially different from the statutes considered in Aguilar and Arthur Andersen ."). And the statute at issue in Marinello ( § 7212(a) ) is distinguishable from § 1519 in precisely the ways delineated by the Eighth Circuit in Yielding . Like § 1503 (the statute at issue in Aguilar ), § 7212(a) lacks the language explicitly defining the requisite intent on which the Eighth Circuit relied in Yielding . Yielding , 657 F.3d at 713 ("[I]n § 1519, Congress spoke more directly to the requisite intent and described its scope more precisely."). And like both § 1503 and § 1512(b)(2) (the statute at issue in Arthur Andersen ), § 7212(a) includes the "corruptly" language that the Eighth Circuit found to "call[ ] for implication of an additional intent requirement." Yielding , 657 F.3d at 713. In short, as Judge Schultz explained, " Marinello simply does not plow new ground." R & R at 5. Moreover, as noted, a plurality of the Supreme Court has already endorsed the view that § 1519 does not require proof of any pending or imminent proceeding. Yates , 135 S.Ct. at 1087. Because Marinello did not implicitly overrule Yielding , the Court adopts the R & R and denies defendants' motion to dismiss Counts 17-22.
ORDER
Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendants' objection [ECF No. 45] and ADOPTS the R & R [ECF No. 44]. IT IS HEREBY ORDERED THAT defendants' motion to dismiss Counts 17-22 [ECF No. 39] is DENIED.
REPORT AND RECOMMENDATION
DAVID T. SCHULTZ, United States Magistrate Judge
INTRODUCTION[1]
Defendants Luminaire Environmental and Technologies, Inc. ("Luminaire"), John D. Miller, Jr. ("John Miller") and Joseph V. Miller ("Joseph Miller") (collectively, "Defendants") were indicted on September 19, 2017 on one count of Conspiracy to Commit Mail Fraud and Wire Fraud (Count 1), and multiple counts of Mail Fraud (Counts 2-6), Wire Fraud (Counts 7-16), and Falsification of Document with Intent to Obstruct (Counts 17-22). Defendants move to dismiss the obstruction charges, Counts 17-22 [Docket No. 39]. They argue that the recent Supreme Court decision in Marinello v. United States , --- U.S. ----, 138 S.Ct. 1101, 200 L.Ed.2d 356 (2018), requires dismissal of Counts 17-22 for failure to state an offense. For the reasons set forth below, the Court recommends the motion be denied.
FINDINGS OF FACT
Luminaire, a Minnesota corporation of which John Miller was a co-owner and for whom Joseph Miller worked as Operations Manager, provided recycling and waste disposal services from 2010 until 2015. Indictment ¶¶ 2-5, 13, Docket No. 1. Defendants represented to customers that they would dispose of their fluorescent lighting fixtures and ballasts with high level of toxins in compliance with the Toxic Substances Control Act. Id. ¶¶ 6-8. The Government alleges that rather than disposing of these materials, Defendants obscured their contents and resold them as scrap *833 metal. Id. ¶ 15. In Hazardous Waste Manifests and other government filings, Defendants represented they were in compliance with the Toxic Substances Control Act, even though they allegedly were not. Id. ¶¶ 16-17, 27.
CONCLUSIONS OF LAW
I. Standard of Review
In evaluating a motion to dismiss, the Court accepts the facts alleged in the Indictment as true. United States v. Halseth , 342 U.S. 277, 279, 72 S.Ct. 275, 96 L.Ed. 308 (1952). An Indictment is legally sufficient "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Fleming , 8 F.3d 1264, 1265 (8th Cir. 1993). But the Indictment should be dismissed if it does not allege facts that constitute a violation of the law. United States v. Polychron , 841 F.2d 833, 834 (8th Cir. 1988).
II. Motion To Dismiss
18 U.S.C. § 1519 punishes anyone who knowingly falsifies or makes a false entry in any record or document "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter ... [or] in relation to or contemplation of any such matter or case."
Defendants argue that the Supreme Court's recent decision in Marinello compels dismissal of the obstruction counts because that decision negated the Eighth Circuit's earlier decision in United States v. Yielding , 657 F.3d 688 (8th Cir. 2011). Motion 1, Docket No. 39. In Yielding , the Eighth Circuit had held that 18 U.S.C. § 1519 did not require the Government to prove a nexus between the acts of the defendants and a specific, on-going federal investigation or administrative proceeding.
Prior to Yielding , the Supreme Court had decided two cases - United States v. Aguilar , 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) and Arthur Andersen LLP v. United States , 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005) - holding that such a nexus was required given the "very broad language" of the provisions at issue there, specifically 18 U.S.C. §§ 1503, 1512. In Marinello , the Supreme Court addressed whether there was a nexus requirement under a different obstruction statute that punished impeding or obstructing "the due administration of the Internal Revenue Code," 26 U.S.C. § 7212(a). The Supreme Court held that statute, like the provisions at issue in Aguilar and Arthur Andersen , requires the Government to show a nexus "between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action. That nexus requires a relationship in time, causation, or logic with the [administrative] proceeding." Marinello , 138 S.Ct. at 1105, 1109 (quotations omitted). The Court explained that administrative action "does not include routine, day-to-day work ... such as review of tax returns." Id. at 1110.
Defendants contend that Marinello overrules Yielding and reads a nexus requirement into 18 U.S.C. § 1519. Motion 5, Docket No. 39. Because the Indictment does not allege that Defendants falsified their Hazardous Waste Manifests to thwart a particular investigation, audit, or administrative action, Defendants argue Counts 17-22 must be dismissed for failure to satisfy all elements of the claim. Id.
The problem for Defendants is that the statutory language at issue in Marinello is dissimilar to the language of 18 U.S.C. § 1519. The language of the statute *834 in Marinello , 26 U.S.C. § 7212(a), employs much broader language than that of 18 U.S.C. § 1519. When a statute criminalizes obstruction in broad "catchall" language, as in § 7212(a), the Government must show a nexus between the prohibited act and a particular federal matter. Marinello , 138 S.Ct. at 1107, 1109-10. Marinello is consistent with the earlier decisions in Aguilar and Arthur Andersen , which also read a nexus requirement into analogous obstruction statutes. Id. at 1109. The Marinello Court found these opinions to be "highly instructive" because § 7212(a) is "similarly worded" and has similar underlying principles to the statutes at issue in Aguilar and Arthur Andersen . Id. at 1105, 1109.[2]
In Yielding , the Eighth Circuit distinguished Aguilar and Arthur Andersen on this very basis, noting that the "very broad language" of the "catchall provision[s]" under scrutiny in those cases contrasted sharply with the specificity in the language of 18 U.S.C. § 1519. Unlike the more amorphous phrasing of the statutes at issue in Aguilar and Arthur Andersen , "[t]he plain language of [ § 1519 ] forbids the knowing falsification of a document with the intent to impede, obstruct, or influence the investigation or proper administration of a federal matter, even if that matter is not pending at the time of the obstructive act." Yielding , 657 F.3d at 715. The Supreme Court has itself seemingly recognized that same distinction, noting in a 2015 decision § 1519"covers conduct intended to impede any federal investigation or proceeding, including one not even on the verge of commencement." Yates v. United States , --- U.S. ----, 135 S.Ct. 1074, 1087, 191 L.Ed.2d 64 (2015). The Court's statement in Yates is consistent with the Eighth Circuit's decision in Yielding .
In short, Marinello simply does not plow new ground. The statute at issue in Marinello resembles the wording of the statutes in Aguilar and Arthur Andersen , and not the "materially different" language of § 1519. See Yielding , 657 F.3d at 713-14. Far from overruling Yielding, Marinello only reinforces what Yielding acknowledged - that broadly worded, catchall provisions in obstruction statutes have an implicit nexus requirement. Yielding , 657 F.3d at 712. 18 U.S.C. § 1519 is not such a provision.
Here, the Government alleges Defendants falsified Hazardous Waste Manifests to mislead the Government as to their compliance with the Toxic Substances Control Act. Such actions fit squarely within § 1519's prohibition on falsifying information to influence the administration of a matter. Because the Indictment alleges facts that constitute a violation of law, the motion to dismiss should be denied.
III. Bill of Particulars
At the April 11, 2018 motion hearing, Defendants orally requested that the Court, should it deny the motion to dismiss, order the Government to produce a bill of particulars. A bill of particulars has greater precision than an Indictment *835 and provides clarity when an Indictment is too vague and indefinite. United States v. Hernandez , 299 F.3d 984, 989-90 (8th Cir. 2002). A bill of particulars should not be compelled unless the Indictment inadequately informs Defendants of the nature of the charges against them. United States v. Sileven , 985 F.2d 962, 966 (8th Cir. 1993). The Court has broad discretion whether to grant or deny a bill of particulars. United States v. Stephenson , 924 F.2d 753, 762 (8th Cir. 1991).
Because Defendants have not formally moved for a bill of particulars, the Court will not rule on the merits of their oral request at this time. However, should Defendants conclude they meet the standard for a bill of particulars - that the Indictment is so vague and indefinite that Defendants are unaware of the charges against them - they may formally move for one.
RECOMMENDATION
For the reasons set forth above, IT IS RECOMMENDED THAT Defendants' Motion to Dismiss Counts 17-22 [Docket No. 39] be DENIED.
Dated: May 11, 2018
NOTICE
Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.
Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

Marinello also cited Yates , which gave a narrow construction to the phrase "tangible object" in § 1519. Yates , 135 S.Ct. at 1082 (plurality opinion). As indicated above, however, the plurality in Yates also observed that § 1519 applies regardless of whether there is a pending federal proceeding, which is consistent with Yielding . Marinello thus relied on Yates as a general example of "interpretive restraint," not as a specific example of another statute that requires proof of a nexus to a particular federal proceeding. Id. at 1108 (plurality opinion) (citation and quotations omitted).

This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

In Aguilar , the Court considered the "very broad language" of 18 U.S.C. § 1503, which forbade "corruptly endeavor[ing] to influence, obstruct, or impede ... the due administration of justice." 515 U.S. at 593, 599, 115 S.Ct. 2357. In Arthur Andersen , the Court considered 18 U.S.C. § 1512(b), which prohibited using "intimidation or physical force ... or engag[ing] in misleading conduct toward another person, with intent to ... cause or induce any person to ... withhold testimony, or withhold a record, document, or other object, from an official proceeding [or] alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding." 544 U.S. at 703, 125 S.Ct. 2129.