# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3165

_____

United States of America

*Plaintiff - Appellee*

v.

James David Welton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: June 11, 2021
Filed: June 17, 2021
[Unpublished]

_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

James Welton received a 120-month prison sentence after he pleaded guilty to unlawfully possessing a firearm. *See* 18 U.S.C. §§ 922(g)(1), (g)(9), 924(a)(2). Welton's counsel requests permission to withdraw and, in an *Anders* brief, suggests that the district court[1] incorrectly calculated the range under the Sentencing

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Guidelines and gave Welton an unreasonable sentence, both in terms of its length and the decision to impose a fine. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

To start, the district court did not make a mistake in calculating the range. *See United States v. Campbell*, 764 F.3d 874, 878 (8th Cir. 2014) (stating that doing so results in a procedural error). Based on specific findings that Welton tried to kidnap the victim, the court used "[t]he base offense level . . . for the substantive offense" of kidnapping. U.S.S.G. § 2X1.1; *see id*. § 2A4.1. Although he argues that he did not attempt to kidnap anyone, the court did not clearly err when it reached the opposite conclusion. *See United States v. Stobaugh*, 420 F.3d 796, 802 (8th Cir. 2005) (articulating the standard of review); *United States v. White*, 354 F.3d 841, 843–44 (8th Cir. 2004) (explaining when it is appropriate to apply a cross reference under U.S.S.G. § 2K2.1(c)(1)(A)).

We also conclude that neither the 120-month sentence nor the $50,000 fine poses a problem. With regard to the former, the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc). As to the latter, the court found that Welton had the ability to pay before imposing a fine. U.S.S.G. § 5E1.2(a). Nothing suggests that this finding was clearly erroneous. *See United States v. Berndt*, 86 F.3d 803, 808 (8th Cir. 1996) (articulating the standard of review).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____